1    **WO**

2

3                    **IN THE UNITED STATES DISTRICT COURT**

4                       **FOR THE DISTRICT OF ARIZONA**

5

6    United States of America,

7                    Plaintiff,
                                                    No. CV 17-261-TUC-CKJ
8    v.                                                CR 16-1896-CKJ-(DTF)

9    Guillermo Campos-Olvera,                         **ORDER**

10                   Defendant/Movant.

11

12

13        Before the Court is Petitioner Guillermo Campos-Olvera's Motion under 28 U.S.C.

14   § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  (Doc. 1)

15   For the following reasons, Petitioner's Motion is DENIED, and the Clerk of Court is

16   directed to close this case.

17                              **BACKGROUND**

18        On September 18, 2016, Guillermo Campos-Olvera was arrested by United States

19   Border Patrol agents near the Village of Topawa on the Tohono O'odham Indian Nation in

20   Arizona.  (Doc. 18 at 4)  Petitioner was part of a larger group of suspected illegal aliens

21   who were apprehended by federal agents using the assistance of an air unit.  *Id.*  Once in

22   police custody, Petitioner admitted he was a citizen of Mexico and had illegally entered

23   the country.  *Id.*  Upon this admission, Petitioner was arrested, and he remained in police

24   custody through sentencing.

25        At his change of plea hearing, Petitioner pleaded guilty to one count of Reentry of

26   Removed Aliens under 8 U.S.C. § 1326(a) as part of a plea agreement.  (Cr. Doc. 30 at 6,

27   9)[1]  In so doing, Petitioner affirmed that, except for the promises contained in his plea

28   _____
     [1] Citations to the underlying criminal docket are abbreviated as "(Cr. Doc. _ )".

agreement, no one had made any other promises to him.  (Doc. 14-2 at 5)  Petitioner also acknowledged he was aware that the sentencing judge could reject or accept the plea agreement and that he would be bound by the agreement if it was accepted.  *Id.* at 9.  Petitioner also affirmed that he understood he would not be able to appeal his sentence if the Court accepted the terms of the plea agreement.  *Id.* at 8.

After his change of plea hearing and prior to sentencing, Petitioner's plea agreement was amended to reduce the minimum time he could potentially serve in prison from eight to zero months.  (Cr. Doc. 31 at 2)

At sentencing, the Court accepted Petitioner's amended plea agreement.  *Id.*  It also inquired whether Petitioner was satisfied with his attorney, if his attorney reviewed the presentence report with him, and whether his attorney answered all his questions.  *Id.* at 2-3.  Petitioner answered affirmatively to each question.  *Id.*  Petitioner's counsel indicated that the maximum sentencing recommendation outlined in the amended plea agreement (33 months incarceration) was the result of negotiations with the prosecution.  *Id.* at 12.  Counsel also acknowledged that the agreement was drafted with Petitioner's previous 46-month sentences and illegal reentries in mind.  *Id.* at 12.  In explaining its sentencing determination, the Court noted Petitioner's serious criminal history, repeated deportations and returns, and a disparity in sentencing guidelines for convicted illegal aliens who failed to have the same criminal background as Petitioner.  *Id.* at 13-14.  The Court sentenced Petitioner to 33-months incarceration and three years of supervised release.  *Id.* at 15.

## PROCEDURAL HISTORY

On February 8, 2017, Petitioner was sentenced to 33 months incarceration and three years supervised release for Reentry of Removed Aliens under 8 U.S.C. § 1326(a).  On June 6, 2017, Petition filed his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  (Doc. 1)  On February 16, 2018, the Government filed its response (Doc. 14).  Petitioner failed to file a reply.  This Order follows.

**LEGAL STANDARD**

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct the conviction or sentence.  28 U.S.C. § 2255(a) (2008).  Such relief is available only when the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack.  *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016).  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255(b)).  Section 2255, however, "is not designed to provide criminal defendants multiple opportunities to challenge their sentence."  *United States v. Johnson*, 988 F.2nd 941, 945 (9th Cir. 1993).

**ANALYSIS**

In his Motion, Petitioner alleges: (i) he was given an unexpected sentence; (ii) his lawyer informed him of a sentencing range between eight and twenty-three months; (iii) his lawyer failed to explain the ramifications of his plea agreement; and (iv) he was given a sentence that was too long for the crime he committed, as his prior convictions were more than ten-years old.  (Doc. 1 at 5-8)  The Government responds by arguing Petitioner's Motion should be denied because he fails to state claims upon which relief can be granted, he fails to establish that but for his attorney's errors he would have insisted on going to trial, and his claim of an excessive sentence is procedurally barred.  (Doc. 14 at 2)

**I.    The Court Lacks Jurisdiction over the Petition Because it is Moot**

As a preliminary matter, the Court notes it may take judicial notice of public records available online.  *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of public information available on the Bureau of Prisons web portal).  According to the Bureau of Prisons online Inmate Locator, Petitioner was released from

1    custody on February 8, 2019.[2]  Because Petitioner complains about a prison sentence that

2    was too long, and since he has been released from custody, the Court must first determine

3    whether it has subject-matter jurisdiction over this case.  *See Dittman v. California*, 191

4    F.3d 1020, 1025 (9th Cir. 1999) ("[courts] have an independent obligation to address sua

5    sponte whether [they have] subject-matter jurisdiction.")  If the Court fails to have subject

6    matter jurisdiction over the petition, the petition is moot and must be denied.  *See Iron*

7    *Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction

8    to decide moot cases because their constitutional authority extends only to actual cases or

9    controversies.").

10    A case becomes moot when "it no longer present[s] a case or controversy under

11    Article III, § 2, of the Constitution."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  "The case-

12    or-controversy requirement demands that, through all stages of federal judicial

13    proceedings, the parties continue to have a personal stake in the outcome of the lawsuit."

14    *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and

15    citation omitted).  While the Supreme Court declared that "[a]n incarcerated convict's . . .

16    challenge to the *validity* of his conviction always satisfies the case-or-controversy

17    requirement," *Spencer*, 523 U.S. at 7 (emphasis added), it added a caveat by including,

18    "[o]nce the convict's sentence has expired, however, some concrete and continuing injury

19    other than the now-ended incarceration or parole—some 'collateral consequence' of the

20    conviction—must exist if the suit is to be maintained," *id.*

21    In *Spencer v. Kemna*, 523 U.S. 1 (1998), the petitioner filed a writ of habeas corpus

22    challenging the revocation of his parole.  Like Petitioner here, the *Spencer* petitioner failed

23    to allege he was actually innocent of his underlying conviction.  *Spencer*, 523 U.S. at 8.

24    The Supreme Court held that the petitioner's claim failed to satisfy the case-or-controversy

25    requirement because the collateral consequences of his parole revocation were possibilities

26    rather than certainties or even probabilities.  *Id.* at 14-16.  Specifically, the court ruled that

27

28    [2] *See* Inmate Locator, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited
Jul. 20, 2020).

1   petitioner's argument that the revocation could be used to increase his sentence in a future

2   proceeding was contingent upon petitioner violating the law, getting caught, and being

3   convicted—a claim similar to one already considered and rejected by the court.  *Id.* at 15.

4   　　　In *Abdala v. I.N.S.*, 488 F.3d 1061 (9th Cir. 2007), the Ninth Circuit affirmed the

5   district court's dismissal of a petitioner's claims as moot when the petitioner "challenged

6   only the length of his detention, as distinguished from the lawfulness of the deportation

7   order[.]"  *Abdala*, 488 F.3d at 1062.  The court held that "[d]eportation from the United

8   States after filing a habeas petition does not necessarily moot a petitioner's claim," but that

9   petitioner's "deportation does not give rise to collateral consequences that are redressable

10  by success on his original petition."  *Id.* at 1063, 1065.  The court also observed that the

11  petition challenged only the length of petitioner's detention at the INS facility and that he

12  was subsequently deported six weeks later, thereby curing his complaints about the length

13  of his detention.  *Id.* at 1065.

14  　　　In *United States v. Verdin*, 243 F.3d 1174 (9th Cir. 2001), the Ninth Circuit affirmed

15  the judgment of the district court and held that a petitioner's appeal of his criminal sentence

16  *was not* moot because the petitioner was in the first year of his three-year term of supervised

17  release.  *Verdin*, 243 F.3d at 1178.  The petitioner challenged his sentence on the sole

18  ground that the district court erred in imposing a two-level increase for obstruction of

19  justice.  *Id.* at 1177.  The court determined that if the petitioner's appeal were successful,

20  he could be resentenced to a shorter period of supervised release.  *Id.* at 1178.  It also

21  concluded he could get a shorter period of supervised release because a reduction to his

22  total offense level would benefit him in resentencing.  *Id.*

23  　　　The Motion at hand is moot because there is no live case or controversy over which

24  the Court may proceed since Petitioner has been released from prison and likely deported.

25  Petitioner is similar to the *Abdala* petitioner, as he only contests the length of his

26  incarceration and has already been released from custody.  Petitioner contends the length

27  of his sentence was unexpected due to the alleged fact that his lawyer originally informed

28  him that his sentence was "not going to be more than 8 to 23 months."  (Doc. 1 at 6).

1    Petitioner's request for relief is similar to the one in *Spencer*, as Petitioner fails to assert

2    his actual innocence and only challenges the duration of his overall confinement.

3         In contrast to the movant in *Verdin*, Petitioner has no personal stake in the outcome

4    of his appeal.  If Petitioner were to prevail on his Motion, there is no guarantee that he

5    would receive a shorter term of supervised release at resentencing.  *See Savage v. United*

6    *States*, 225 F. Supp. 3d 1159, 1165 (C.D. Calif. 2016) ("At this juncture, it would be

7    premature to intimate an opinion on the appropriate new sentence for [petitioner] if he wins

8    habeas relief on this section 2255 motion.").  Petitioner also fails to demonstrate the

9    existence of tangible collateral consequences sufficient to satisfy Article III's case-or-

10   controversy requirement.  In fact, Petitioner failed to respond to the Government's answer

11   or offer any contrary arguments to its assertions.

12        Since Petitioner has been released from prison, the only collateral consequence(s)

13   he could suffer from his current term of supervised release would be if he were to illegally

14   reenter the country.  Because Petitioner's illegal reentry is purely speculative, it fails to

15   constitute a collateral consequence of his criminal sentence.  As such, Petitioner fails to

16   maintain a personal stake in reducing the term of his supervised release or to demonstrate

17   a live case or controversy for the Court to address.  Accordingly, his section 2255 Motion

18   is MOOT, the Motion is DENIED, and the Clerk of Court is directed to close this case.

19                          **CERTIFICATE OF APPEALABILITY**

20        Before Petitioner can appeal the Court's judgment, a certificate of appealability

21   ("COA") must issue.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); Rule 11(a) of the

22   Rules Governing Section 2255 Cases ("The district court must issue or deny a certification

23   of appealability when it enters a final order adverse to the applicant.")  Under 28 U.S.C. §

24   2253(c)(2), a COA may issue only if the petitioner "has made a substantial showing of the

25   denial of a constitutional right."  The certificate must indicate which specific issue or issues

26   satisfy this showing.  28 U.S.C. § 2253(c)(3).  With respect to claims rejected on the merits,

27   a petitioner "must demonstrate that reasonable jurists would find the district court's

28   assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S.

473, 484 (2000).  For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and the district court was correct in its procedural ruling.  *Id.*

Upon review of the record, and in light of the aforementioned standards, the Court concludes that a certificate shall not issue, as reasonable jurists could not debate whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling.  Any future request for a COA must be addressed to the United States Court of Appeals for the Ninth Circuit.  *See* Fed. R. App. P. 22(b).

Accordingly, IT IS ORDERED:

1. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV 17-261, Doc. 1; CR 16-1896, Doc. 28) is DENIED.

2. Case No. CV 17-261 is DISMISSED.

3. A Certificate of Appealability shall not issue.

4. The Clerk of Court shall enter judgment accordingly and close Case No. CV 17-261

Dated this 23rd day of July, 2020.

_____
Honorable Cindy K. Jorgenson
United States District Judge

- 7 -